IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONNETTE JEAN SHANNON, | : | Civil No. 1:20-CV-00638 |
| Plaintiff, | : | |
| v. | : | |
| NURSING SUPERVISOR, LEBANON COUNTY PRISON, | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

**MEMORANDUM**

Plaintiff Ronnette Jean Shannon, an inmate of the Pennsylvania Department of Corrections, filed this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivation of her constitutional rights that occurred while she was incarcerated at the Lebanon County Prison ("LCP") in January 2020.  She names LCP's Nursing Supervisor as the sole defendant.  (Doc. 1.)  Shannon seeks to proceed *in forma pauperis*.  (Docs. 2, 7.)  The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915A(a).  For the reasons set forth below, the motion to proceed *in forma pauperis* is granted for the sole purpose of filing the action, and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Shannon is granted twenty-one (21) days to file an amended complaint.

## FACTUAL BACKGROUND

According to the allegations in Shannon's complaint, Shannon broke her leg on January 9, 2020, while returning from court. After hospital staff stabilized her leg, she returned to LCP wearing a diaper. (Doc. 1, p. 5.) Shannon needed assistance to change her diaper. "[T]he nurses let [her] lay in [her] soiled diaper for 5 hours." (*Id.*) Shannon claims she suffered "mental anguish" due to staff neglect and seeks $50,000 in damages. (*Id.*)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if, for example, it is frivolous or fails to state a claim for which relief may be granted). The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions. *See Tate v. Wiggins*, 805 F. App'x 159, 162 (3d Cir. 2020).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019), *cert. denied,* 140 S.Ct. 1611 (2020) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief."  *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## DISCUSSION

Shannon's complaint alleges a single incident where nurses ignored her request to change her urine-soaked diaper for five hours.  Liberally construing her complaint, the court assumes that Shannon is attempting to assert an Eighth Amendment claim of deliberate indifference to her needs.  The Eighth Amendment is violated by the conditions of an inmate's confinement when there is an "unnecessary and wanton infliction of pain" by prison officials, "whether that conduct occurs in connection with establishing conditions of confinement [or]

3

supplying medical needs." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The conditions of confinement may violate the Eighth Amendment if they, "alone or in combination, … deprive inmates of the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). These necessities include "adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Constitution "does not mandate comfortable prisons." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotation marks and citation omitted). "[R]outine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal quotation marks and citation omitted). Thus, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

The United States Court of Appeals for the Third Circuit has interpreted the "deprivation of basic human needs" standard as requiring proof of two elements: (1) "a sufficiently serious objective deprivation," and (2) "that a prison official subjectively acted with a sufficiently culpable state of mind, i.e., deliberate indifference." *Tillman v. Lebanon Cnty Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000). To satisfy the first element, the prisoner must show a substantial risk of serious harm. *Farmer*, 511 U.S. at 834 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). To satisfy the second element, proof of deliberate indifference requires that a prison official acted with actual awareness of excessive risk to the plaintiff's

safety. *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). Deliberate indifference requires more than mere negligence. *Farmer*, 511 U.S. at 835.

In reviewing this type of claim, the courts have stressed the importance of the duration of the complainant's exposure to the alleged unconstitutional condition. The court must review the "totality of the circumstances" in order to make an Eighth Amendment determination, not just the allegedly egregious conditions themselves. *Rhodes*, 452 U.S. at 362–33.

Here, Shannon cites an isolated incident where nursing staff failed to change her urine-soaked diaper for five hours. (Doc. 1.) While certainly uncomfortable and humiliating, the court does not find that the single experience of remaining in a urine-soaked diaper for five hours deprived her of "the minimal civilized measure of life's necessities" or placed her at risk of serious injury. *Farmer,* 511 U.S. at 834; *see also Cunningham v. Eyman*, 17 F. App'x 449, 454 (7th Cir. 2011) (shackled inmate's claim that he was forced to remain in soiled clothing for four to five hours not sufficiently serious to implicate Eighth Amendment). At most, Shannon's allegation sounds in negligence, which is not actionable under Section 1983. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (a lack of due care by prison officials does not state a claim under either the substantive or the procedural aspects of the Due Process Clause). Additionally, due to Shannon's failure to specifically identify any individual staff member by name as a defendant, the court

cannot proceed on her complaint as pled. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that plaintiff claims violated her rights.)

For these reasons, the court concludes Shannon has failed to plausibly allege a violation of her Eighth Amendment right against a properly named individual. Thus, her complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).

### LEAVE TO AMEND

As stated, Shannon's entire complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The court will grant Shannon twenty-one days (21) to file an amended complaint as to her claims related to conditions of confinement at LCP after she broke her leg on January 9, 2020. If Shannon decides to file an amended complaint in this action, she must clearly label it "Amended Complaint" on the face of the document. It must bear the docket number assigned to this case and must be retyped (double spaced) or legibly rewritten (double spaced) in its entirety, on the court-approved form. In addition, any amended complaint filed by Shannon supersedes (replaces) the original complaint already filed. It must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. v. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013).

The court cautions Shannon that the amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise, and simple statements. *Id.*; Fed. R. Civ. P. 10(b). The factual allegations of the amended complaint may not be conclusory. Instead, the facts alleged should be specific enough as to time and place of the violations and must *identify* the specific person or persons responsible for the deprivation of her constitutional rights and what each defendant did to harm her. *Iqbal*, 556 U.S. at 676.

If Shannon fails to file an amended complaint on the court's form within twenty-one days, the court will dismiss her action pursuant to 28 U.S.C. § 1915(e)(2)(B).

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  October 6, 2020